## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

Willie J. Boyer,                                    Civ. No. 19-2213 (PAM/BRT)

                    Petitioner,

v.                                                  **REPORT AND**
                                                    **RECOMMENDATION**

Warden Fikes,

                    Respondent.

Willie J. Boyer, Reg. No. 19454-026, F.C.I. Sandstone, P.O. Box 1000, Sandstone, MN 55072, *pro se* Petitioner.

Ana J. Voss, Esq., Ann M. Bildtsen, Esq., and Chad A. Blumenfield, Esq., United States Attorney's Office, counsel for Respondent.

BECKY R. THORSON, United States Magistrate Judge

Petitioner Willie J. Boyer filed a Petition for Writ of Habeas Corpus (Doc. No. 1) on August 12, 2019, seeking to challenge the Bureau of Prisons' decision not to transfer him to home confinement for the maximum time authorized under statute. The Government's Response indicated that Petitioner was due to be released from custody on January 26, 2020, via early release pursuant to 18 U.S.C. § 3621(e). (Doc. No. 7.) On June 11, 2020, Respondent informed the Court that Petitioner was indeed released from custody on January 24, 2020, via an early release from his sentence under 18 U.S.C. § 3621(e) for successful completion of the Bureau's Residential Drug Abuse Prevention Program. (Doc. No. 11, Supp. Resp. 2; Doc. No. 12 Second Boldt Decl. ¶ 3, Ex. A.)

Federal courts have an independent obligation to inquire into their jurisdiction whenever it appears to be lacking. *See Yeldell v. Tutt*, 913 F.2d 533, 537 (8th Cir. 1990). "Article III of the United States Constitution limits the jurisdiction of the federal courts to actual, ongoing cases and controversies." *Haden v. Pelofsky*, 212 F.3d 466, 469 (8th Cir. 2000). "When, during the course of litigation, the issues presented in a case lose their life . . . and a federal court can no longer grant effective relief, the case is considered moot." *Id.* (internal quotations omitted).

Here, Petitioner is entitled to relief only so long as he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(1). Accordingly, because he was released from custody on January 24, 2020, this Court concludes that his Petition should be dismissed as moot.

## RECOMMENDATION

Based on the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1.    Petitioner's Petition for Writ of Habeas Corpus (Doc. No. 1) be **DISMISSED** as moot.

Date: June 17, 2020.                          *s/ Becky R. Thorson*
                                              BECKY R. THORSON
                                              United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals. Under Local Rule 72.2(b)(1), a party may file and serve specific written

objections to this Report within **fourteen days**. A party may respond to those objections within **fourteen days** after service thereof. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).